IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-CV-00202-F

| | |
|---|---|
| ALPHONSO B. CLARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND RECOMMENDATION |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on Plaintiff's *pro se* application to proceed *in forma pauperis* under 28 U.S.C. § 1915, which permits an indigent litigant to commence suit in federal court without paying administration costs associated with such proceedings. [DE-1]. Pursuant to the court's May 13, 2015 order [DE-3], Plaintiff supplemented both his application and complaint [DE-4]. Upon consideration of Plaintiff's application and supplement, it is recommended that Plaintiff's motion be denied.[1]

A litigant may commence an action in federal court *in forma pauperis* ("IFP") if he files an affidavit in good faith containing a statement of his assets and demonstrating that he cannot afford to pay the required fees of the lawsuit. *See* 28 U.S.C. § 1915(a)(1). The IFP statute is intended to ensure that indigent persons have equal access to the judicial system by allowing them "to proceed

---

[1] A magistrate judge, proceeding under 28 U.S.C. § 636(b), lacks authority to deny an application to proceed *in forma pauperis* and may only issue a recommendation to the district court. *Hunter v. Roventini*, No. 14-2259, 2015 WL 3483102, at *1 (4th Cir. June 3, 2015) (unpublished) (citing *Woods v. Dahlberg*, 894 F.2d 187, 187 (6th Cir. 1990) (per curiam) ("[A] denial of such a motion is the functional equivalent of an involuntary dismissal and is outside the scope of a magistrate's authority.")).

without having to advance the fees and costs associated with litigation." *Flint v. Haynes*, 651 F.2d 970, 972 (4th Cir. 1981). However, "proceeding [IFP] in a civil case is a privilege or favor granted by the government." *White v. Barnhart*, Nos. 1:02-CV-556, 1:02-CV-557, 2002 WL 1760980, at *1 (M.D.N.C. July 30, 2002) (unpublished). In ruling on an IFP application, the court is required to exercise discretion in determining whether to grant or deny the application. *Id.* In *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948), the Supreme Court first set forth the standard for the determination of *in forma pauperis*: "[w]e think an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339 (internal quotations omitted). In exercising its discretion, the court is to be mindful that the ability to pay does not require that a plaintiff prove that he is "absolutely destitute." *Id.*

Plaintiff is currently employed part-time earning $1,346.80 monthly and receives $836.00 in monthly military retirement benefits and $1,200.00 in monthly military disability benefits for a total of $3,382.80 in monthly income. [DE-4] at 1. Plaintiff's reported monthly expenses are $2,890.00. [DE-1] ¶ 8. Plaintiff reported a total of $1,800.00 held in checking accounts as of May 8, 2015. *Id.* ¶ 4. Plaintiff supports one minor child and $674.00 in alimony, maintenance or support is included in his monthly expenses. *Id.* ¶ 7.

Based on the information provided by Plaintiff regarding his current financial status, he has failed to demonstrate sufficient evidence indicating that payment of the required court costs would deprive him or his family of the "necessities of life." *See Adkins*, 355 U.S. at 339. Plaintiff has monthly disposable income and $1,800.00 in his checking accounts. [DE-1, -4]. Although Plaintiff asserts that he is unable to pay the costs of these proceedings, the Court notes that the "privilege to

2

Case 5:15-cv-00202-F   Document 5   Filed 06/10/15   Page 2 of 3

proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without [a] legal remedy if such privilege were not afforded to them." *Brewster v. N. A. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Accordingly, it is recommended that Plaintiff's application to proceed *in forma pauperis* be denied and that Plaintiff be required to tender to the clerk the filing and administrative fees of $400.00.

The Clerk shall send copies of this Memorandum and Recommendation to the *pro se* Plaintiff, who shall have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

SUBMITTED, this the 10 day of June 2015.

Robert B. Jones, Jr.
United States Magistrate Judge